UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SETH R. NELSON,

        Plaintiff,

        -v-                             5:24-CV-1378

CMC PACKAGING SOLUTIONS,
KKR, and AMAZON.COM, INC,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

SETH R. NELSON
Plaintiff, Pro Se
10 East Academy Street
McGraw, NY 13101

DAVID N. HURD
United States District Judge

## **ORDER ON REPORT & RECOMMENDATION**

On November 13, 2024, plaintiff Seth R. Nelson ("plaintiff"), acting *pro se*, commenced a three-count action against CMC Packaging Solutions, KKR, and Amazon.com, Inc. (collectively, "defendants") for discrimination, harassment, and "sabotage" in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Dkt. No. 1. That same day, this Court administratively

closed this matter due to plaintiff's failure to pay the required filing fee. Dkt. No. 3. Thereafter, plaintiff filed an amended complaint together with an application to proceed *in forma pauperis* ("IFP Application") and the case was reopened on November 25, 2024.[1] Dkt. Nos. 4, 6.

On December 11, 2024, after conducting an initial review of plaintiff's complaint, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application. Dkt. No. 8. Judge Katz further advised by Report & Recommendation ("R&R") that plaintiff's complaint should be dismissed in its entirety because his Title VII claims were untimely, and the doctrine of equitable tolling did not apply. *Id.* On February 6, 2025, this Court adopted Judge Katz's R&R dismissing plaintiff's amended complaint without prejudice and granting plaintiff thirty (30) days to file an amended complaint. Dkt. No. 19.

From that time until August 3, 2025, Plaintiff proceeded to file sixteen submissions on the docket, none of which was specified as an amended complaint. Dkt. Nos. 20–31, 33–36. Nevertheless, on August 4, 2025, this Court entered a text order specifying that, upon review, plaintiff's second amended complaint, Dkt. No. 13, would serve as the operative pleading and referred that filing to Judge Katz for further review. Dkt. No. 37.

---

[1] As is noted on the docket, Dkt. No. 4, this amended complaint was largely similar to the original complaint.

On August 21, 2025, Judge Katz issued a second R&R recommending that plaintiff's operative pleading be dismissed with prejudice and without leave to amend on the basis of futility. Dkt. No. 38. Briefly stated, Judge Katz advised that plaintiff's second amended complaint be dismissed as futile because, again, his Title VII claims are *untimely*, and the doctrine of equitable tolling is inapplicable.

Plaintiff has lodged two objections, along with an amended complaint and six other exhibits. Dkt. Nos. 39–47. As an initial matter, plaintiff's proposed third amended complaint, Dkt. No. 42, construed as an additional motion to amend, will be denied. Plaintiff has already been granted two prior opportunities to amend his pleadings, and this third attempt will not be considered. *See* FED. R. CIV. P. 15(a)(2). Next, each of plaintiff's objections, Dkts. Nos. 39–40, fail entirely to address whether his Title VII claims were timely, as was discussed at length in each of Judge Katz's recommendations. Dkt. Nos. 8, 38.

Turning next to plaintiff's letter to the Court, Dkt. No. 41, this filing contains no cognizable basis for relief and is rejected. Broadly stated, plaintiff has filed many iterations of his complaint, along with numerous exhibits, in an effort to describe the nature of his workplace conditions. However, plaintiff has repeatedly failed to respond to Judge Katz's request to

"plead facts, to the extent they exist, that would support the court's application of equitable tolling." *See e.g.*, Dkt. No. 8.

Upon *de novo* review, Judge Katz's R&R will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 38) is ACCEPTED;

2. Plaintiff's request to file a Third Amended Complaint (Dkt. No. 42) is DENIED; and

3. Plaintiff's Second Amended Complaint (Dkt. No. 13) is DISMISSED with prejudice and without leave to amend.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: September 19, 2025
       Utica, New York.